UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMINIC SCOTT,

    Plaintiff,

v.                                                      Case No. 2:09-cv-76
                                                   HON. ROBERT HOLMES BELL
D. VELMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dominic Scott, an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against RUO Dean Velmer. Plaintiff's complaint alleges that defendant constantly harassed him. Defendant would come to plaintiff's cell and say "wake up baby doll, wake up baby girl .... Big daddy is here to make sure his woman is comfy." Plaintiff stated that when he would ignore these comments defendant would storm off upset. Plaintiff filed a grievance against defendant for homosexual harassment on November 18, 2008. Plaintiff states that on November 21, 2008, RUM Sackett told him that he would be the reviewer for the grievance and that he would speak with defendant concerning the issue.

Plaintiff claims that after lunch that day, defendant came to plaintiff's cell and stated to plaintiff, "You fucking fool ass idiot. You want to write me up? I'll write you up. Hell, if I wanted to I would fuck your nigger loving mommy also. Don't ever go to my supervisor again." Defendant then stated; "Your [sic] never going to general population." Defendant then issued

plaintiff a misconduct ticket for threatening behavior/insolence. Prior to that date, plaintiff claims that he was nine months misconduct free and on his way to a security classification reduction so that he could return to general population. Plaintiff was found guilty of the misconduct after a hearing. Plaintiff alleges that defendant retaliated against plaintiff for filing a grievance against defendant.

Defendant has filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant states that he wrote plaintiff a misconduct ticket after plaintiff threatened defendant. The misconduct ticket written on November 21, 2008, states:

> While doing rounds on D-wing I arrived at cell 4-242 solely occupied by prisoner Scott 459687 he stated "I hate you white fake bitches, I'm not going to spit in your mouth like that guy down stairs, I'm the real thing bitch!" Scott then made a fist and stated "Velmer this will be so far up your ass fuck boy." Scott then proceeded to lick his fist looking directly at me.

Plaintiff was found guilty after a hearing. The hearing officer explained his finding after plaintiff refused to take part in the hearing.

> Prisoner does not deny that he said to the reporter, "I hate you white fuck ass bitches. I'm not going to spit in you mouth like that guy down stairs. I'm the real thing Bitch! Prisoner then made a fist and stated, "Velmer this will be so far up your ass fuck boy." Prisoner's word expressed an intent to injure or physically abuse another person.

Plaintiff has presented no evidence to establish the existence of a genuine issue of material fact. All the factual evidence supports the claim that the misconduct ticket issued by defendant was justifed and based solely on plaintiff's behavior.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #15) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2010